# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **DIANA CHOU,** | ) | **CIVIL ACTION NO. 1:09-CV-1054** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE SOLOMON OLIVER, JR.** |
| | ) | |
| **v.** | ) | **DEFENDANT JOHN CARROLL** |
| | ) | **UNIVERSITY'S OBJECTIONS AND** |
| **JOHN CARROLL UNIVERSITY,** | ) | **RESPONSES TO PLAINTIFF'S** |
| | ) | **FIRST DISCOVERY TO** |
| **Defendant.** | ) | **DEFENDANT, INCLUDING** |
| | ) | ***REQUESTS FOR ADMISSION*** |

Defendant, John Carroll University ("JCU", "Defendant", or the "University"), for its objections and responses to Plaintiff Diana Chou's ("Plaintiff") First Discovery to Defendant, including Requests for Admission (the "Discovery Requests") states as follows:

## **GENERAL OBJECTIONS TO DISCOVERY REQUESTS**

1.      Defendant responds to these Discovery Requests subject to and without intending to waive, and expressly preserving (a) any objections to the competency, relevancy, materiality, privilege and admissibility of any of the responses, and (b) the right to object to other discovery requests involved or relating to the subject matter of the Discovery Requests responded to herein.  All such objections and the grounds therefore are hereby reserved.

2.      These responses are made solely for the purpose of and in relation to this action.  Each answer is given subject to all appropriate objections that would require the exclusion at trial of any statement contained or document provided herein.  All such objections and the grounds therefore are hereby reserved.

3.     Defendant objects generally to these Discovery Requests to the extent they seek information protected from discovery as attorney work product or by the attorney-client privilege, information gathered or prepared in anticipation of litigation, or information which is otherwise immune or protected from discovery.

4.     Defendant objects to these Discovery Requests to the extent they are improperly broad in scope, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in this action.  Where appropriate, Defendant will provide the appropriate response(s) to these Discovery Requests.

5.     Defendant reserves the right to amend or supplement its responses to these Discovery Requests and to assert additional objections as warranted.

6.     Defendant rejects any attempt to restrict the admissibility of evidence at trial based on answers given to these requests at this time.  Discovery is underway and additional facts may become known through discovery which are relevant and therefore should be admissible at trial.

7.     Except for the facts expressly admitted herein, no admission of any nature whatsoever is to be implied or inferred.  The fact that any Discovery Requests herein have been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by such Discovery Requests, or that such answer constitutes evidence of any fact thus set forth or assumed.

8.     Defendant has not yet completed its investigation of the facts relating to this action, has not yet completed discovery in this action, and has not yet completed its preparation for trial.  Accordingly, these responses are necessarily limited in nature, and reflect only that information known to Defendant at this time.

9.      Defendant objects to the extent that these Discovery Requests attempt or purport to impose burdens beyond those required by the Ohio Rules of Civil Procedure.

10.      Defendant objects to these Discovery Requests to the extent they require Defendant to complete and respond to discovery after the Court ordered fact discovery completion date in this case.

11.      Defendant objects to these Discovery Requests to the extent that an interrogatory request contains subparts.  Defendant will respond to and treat each interrogatory subpart as a separate interrogatory.

12.      Defendant objects to these Discovery Requests to the extent they require Defendant to answer more than forty interrogatories.

13.      Defendant objects to these Discovery Requests to the extent they purpose to state facts, assumptions, or characterizations which are disputed.

14.      Defendant objects to these Discovery Requests to the extent they purport to seek information from Defendant that is not in Defendant's possession, custody, or control, or which purport to require a response by Defendant on behalf of other individuals.

15.      Defendant objects to these Discovery Requests to the extent they seek information more appropriately obtained through other methods of discovery.

16.      Defendant objects to these Discovery Requests to the extent they purpose to impose an obligation on Defendant to respond on behalf of an entity or individual other Defendant.

## **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

17.     Defendant objects to Plaintiff's definitions and instructions to the extent that they are vague, ambiguous, or inconsistent with normal usage.

18.     Defendant objects to Plaintiff's definitions and instructions to the extent they purport to impose duties in addition to or inconsistent with the Federal Rules of Civil Procedure, any other applicable rule or law, or any order or orders governing this litigation.

19.     Defendant objects to definitions and instructions to the extent they purport to impose on Defendant an obligation to respond on behalf of any individual or entity other than Defendant.

20.     All of the foregoing Objections to the Discovery Requests, Definitions and Instructions are incorporated as to each of these interrogatories, request for admissions and request for production of documents as though fully set forth in Defendant's separate responses thereto.  Whenever in these responses Defendant employs the phrase "subject to and without waiving all objections," Defendant is responding to the particular discovery request as it may be narrowed by its general and specific objections and without waiver of any objection.  Defendant reserves the right to supplement its answers and objections to these discovery requests.

## INTERROGATORIES

1.  **Identify each person whom Defendant expects to call as an expert witness at trial and state the subject matter on which the expert is expected to testify.**

    **ANSWER:**

    JCU objects to Interrogatory No. 1 on the basis that it is premature.  JCU further

    objects to Interrogatory No. 1 to the extent it seeks information protected by the

    attorney-client privilege and/or work product doctrine.  Subject to and without waiving all

    objections,  JCU has not made any decisions with respect to whether it will call any

    expert witnesses at trial.  Further answering, JCU will identify any expert witnesses it

    expects to call to testify at trial in accordance with the Federal Rules of Civil Procedure

    and/or any orders of the Court.

2.  **Provide the name, last known residential address, telephone number, e-mail address, department (subject area), gender, and race for all faculty members <u>currently</u> employed by Defendant in its College of Arts and Sciences, who are or were on tenure-track contracts or have been granted tenure between January 1, 1999 and the present date.**

    **ANSWER:**

    JCU objects to Interrogatory No. 2 on the basis that it is overly broad, unduly

    burdensome, and not reasonably calculated to lead to the discovery of admissible

    evidence.

3.  **Provide the name, last known residential address, telephone number, e-mail address, department (subject area), gender, and race for all faculty members <u>previously</u> employed by Defendant in its College of Arts and Sciences who were on a tenure-track contract and were not granted tenure or removed from the tenure track between January 1, 1999 and the present date.**

    **ANSWER:**

JCU objects to Interrogatory No. 3 on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

4.   **Provide the name, last known residential address, telephone number, e-mail address, department (subject area), gender, and race for all faculty members currently or previously employed by Defendant in its College of Arts and Sciences, who are, or were on visiting or limited appointments <u>not</u> within its tenure-track between January 1, 1999 and the present date.**

**ANSWER:**

JCU objects to Interrogatory No. 4 on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  JCU further objects to Interrogatory No. 4 on the basis that the phrase "limited appointments" is undefined, and to that extent, Interrogatory No. 4 is vague and not susceptible to answer.

5.   **Provide the name, last known residential address, telephone number, e-mail address, department (subject area), gender, and race for all faculty members who were removed from Defendant's tenure-track or denied tenure by Defendant within its College of Arts and Sciences between January 1, 1999 and the present date.  For any individual listed under this section, please state the reasons for the removal of such individual and the number of years on tenure track at time of removal.**

**ANSWER:**

JCU objects to Interrogatory No. 5 on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

6.   **Identify all employees and students of JCU who have made a complaint, either oral or written, formal or informal, of harassment and/or inappropriate conduct by Dr. Leslie Curtis ("Curtis"), including but not limited to: (a) the name of the complainant; (b) the date of the complaint; (c) the nature of the complaint; and (d) all actions undertaken by or on behalf of the University in response.**

**ANSWER:**

JCU objects to Interrogatory No. 6 on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence and on the basis that it assumes fact not in evidence.  JCU further objects to Interrogatory No. 6 to the extent it seeks confidential information.  JCU further objects to Interrogatory No. 6 on the basis that it seeks information already known by Plaintiff.  Subject to and without waiving all objections, JCU states that Plaintiff is the only current or former employee or student who has made such a complaint.

7.    **What is Defendant's policy for the retention and destruction of documents, including but not limited to: personnel records, disciplinary records, employment contracts for faculty, and tenure-review records?**

**ANSWER:**

JCU objects to Interrogatory No. 7 on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  JCU further objects to Interrogatory No. 7 on the basis that the phrases "policy for the retention and destruction of documents", "personnel records", "disciplinary records", "employment contracts for faculty", and "tenure-review records" are undefined, and to that extent, Interrogatory No. 7 is vague and ambiguous.  Subject to and without waiving all objections, JCU states that it will produce a copy of its document retention policy pursuant to Rule 33(d) of the Ohio Rules of Civil Procedure.

8.    **With respect to the documents identified in Interrogatory # 8, has JCU suspended destruction or overwriting of such documents?  If so, on what date did suspension begin?**

**ANSWER:**

JCU objects to Interrogatory No. 8 on the basis that it is seeks information regarding JCU's response to Interrogatory No. 8, which is the instant Interrogatory. No documents are identified in Interrogatory No. 8 and JCU has not identified documents in response to Interrogatory No. 8 or any Interrogatory. JCU further objects to Interrogatory No. 8 on the basis that the phrases "destruction" and "overwriting" are undefined, and to that extent, Interrogatory No. 8 is vague and ambiguous. Subject to and without waiving all objections, and to the extent that Plaintiff intended for JCU to identify whether and when it suspended the "destruction or overwriting" of documents, JCU states that it made reasonable efforts to suspend "the destruction or overwriting" of electronic documents following the filing of the instant lawsuit in May of 2009.

9.    **Identify by job title, job description, business address, and telephone number, all persons responsible for implementing the policies identified in your answers to Interrogatories # 8 and # 9.**

   **ANSWER:**

JCU objects to Interrogatory No. 9 on the basis that it seeks information regarding "the policies identified in [JCU's] answers to Interrogatories # 8 and # 9." JCU has not identified any policies in its answers to Interrogatory No. 8 or Interrogatory No. 9. Subject to and without waiving all objections, and to the extent Plaintiff intended for JCU to identify the individuals responsible for suspending the deletion of electronic documents and information on JCU's computer systems, JCU states that Jim Burke, Director of Computing Systems and Services, and Mike Bestul, Chief Information Officer, are responsible for implementing JCU's policy regarding the preservation and deletion of electronic information. Mr. Burke and Mr. Bestul may be contacted only through counsel for Defendant.

**10.** **Identify the obligations and responsibilities for a faculty member seeking tenure under JCU's six-year tenure process within the College of Arts and Sciences, including any and all deadlines.**

**ANSWER:**

JCU objects to Interrogatory No. 10 on the basis that it is not limited to a relevant time period, and therefore, is overly broad and unduly burdensome. JCU further objects to Interrogatory No. 10 on the basis that the phrase "obligations and responsibilities" is undefined, and to that extent, Interrogatory No. 10 is vague and ambiguous. Still further, JCU objects to Interrogatory No. 10 on the basis that it seeks information already in the possession of Plaintiff. Subject to and without waiving all objections, and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, JCU directs Plaintiff's attention to the John Carroll University Faculty Handbook.

**11.** **Identify separately the University's and each tenure review committee member's obligations and responsibilities in considering an application for tenure under JCU's six-year tenure process within the College of Arts and Sciences, including any and all deadlines.**

**ANSWER:**

JCU objects to Interrogatory No. 11 on the basis that it is not limited to a relevant time period, and therefore, is overly broad and unduly burdensome. JCU further objects to Interrogatory No. 11 on the basis that the phrases "tenure review committee member", "obligations and responsibilities", and "application for tenure" are undefined, and to that extent, Interrogatory No. 11 is vague and ambiguous. Still further, JCU objects to Interrogatory No. 11 on the basis that it seeks information already in the possession of Plaintiff. Subject to and without waiving all objections, and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, JCU directs Plaintiff's attention to the John Carroll University Faculty Handbook.

12.   **What criteria, standards, and/or requirements of tenure track faculty members are reviewed during the six-year tenure process as described in Interrogatories # 11 and #12?**

**ANSWER:**

JCU objects to Interrogatory No. 12 on the basis that it seeks information regarding the "six-year tenure process as described in Interrogatories # 11 and # 12." JCU has not described any "six-year tenure process" in response to Interrogatory No. 11 or the instant Interrogatory, Interrogatory No. 12.  JCU further objects to Interrogatory No. 12 on the basis that it is not limited to a relevant time period, and therefore, is overly broad and unduly burdensome.  JCU further objects to Interrogatory No. 12 on the basis that the term "six-year tenure process" is vague and ambiguous. Subject to and without waiving all objections, and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, JCU directs Plaintiff's attention to the John Carroll University Faculty Handbook.

13.   **If the tenure review process as described in Interrogatories #11 and #12 varies from department to department, please identify each different criteria, standards, and/or requirements that are applied to the reviews during the tenure track in the Art History department.**

**ANSWER:**

JCU objects to Interrogatory No. 13 on the basis that it seeks information regarding "the tenure review process as described in Interrogatories # 11 and # 12." Neither Interrogatory No. 11 or Interrogatory No. 12 request JCU to identify or describe any "tenure review process."  JCU further objects to Interrogatory No. 13 on the basis that the phrase "tenure review process" is undefined, and to that extent, Interrogatory No. 13 is vague and ambiguous.  JCU further objects to Interrogatory No. 13 on the basis that it is not limited to a relevant time period and is therefore overly broad and

unduly burdensome.  Subject to and without waiving all objections, and pursuant to Rule

33(d) of the Federal Rules of Civil Procedure, JCU directs Plaintiff's attention to the

John Carroll University Faculty Handbook.

14.     **Did JCU apply the tenure review process and criteria as explained in Interrogatories #11, #12, #13 and #14 to Diana Chou's tenure review?  If not, please identify and explain the different criteria, standards, and/or requirements that were applied to Chou's review.**

        **ANSWER:**

        JCU objects to Interrogatory No. 14 on the basis that it seeks information

regarding "the tenure review process and criteria as explained in Interrogatories #11,

#12, #13 and #14" as no "tenure review process" or "criteria" are explained in

Interrogatory No. 11, No. 12, No. 13, or No. 14.  JCU further objects to Interrogatory No.

14 on the basis that the phrases "tenure review process" and "criteria" are undefined,

and to that extent, Interrogatory No. 14 is vague and ambiguous.

15.     **Please state separately each reason why Diana Chou was removed from JCU's tenure-track.**

        **ANSWER:**

        JCU objects to Interrogatory No. 15 on the basis that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.  JCU further objects to Interrogatory No. 15 on the basis that the term

"removed" is not defined, and therefore, Interrogatory No. 15 is vague and not

susceptible to answer by JCU.  JCU further objects to Interrogatory No. 15 on the basis

that it seeks information equally or better known to Plaintiff than JCU.  JCU further

objects to Interrogatory No. 15 on the basis that it calls for a narrative response that is

more appropriate for deposition.  Subject to and without waiving all objections, JCU

states that Plaintiff's contract was not renewed because she did not satisfy the criteria

for tenure as set forth in the John Carroll University Faculty Handbook and the

Departmental Criteria for Tenure of the Department of Art History and Humanities.

16.  **Identify by name and job title each decision-maker who made any decision or recommendation that forms any part of JCU's decision to remove Diana Chou from the tenure track.**

**ANSWER:**

JCU objects to Interrogatory No. 16 on the basis that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.  JCU further objects to Interrogatory No. 16 on the basis that the terms

"decision-maker", "decision" and "recommendation" are vague and ambiguous.  JCU

further objects to Interrogatory No. 16 on the basis that it seeks information already in

Plaintiff's possession.  Subject to and without waiving all objections, JCU states that the

following individuals considered Plaintiff's tenure status after Plaintiff's third year on the

tenure-track:

> Linda Koch

> Leslie Curtis

> Linda Eisenmann

> Mary Beadle

> Thomas Zlatoper

> David LaGuardia

> Paula Britton

> Paul Challen

> Donald Domm

> Jeanne Jenkins

> Marc Kirschenbaum

Jan Larsen

Michael Setter

17.    **With respect to JCU's College of Arts of Sciences, please identify all full-time faculty members by, including but not limited to, by their race and gender.**

    **<u>ANSWER:</u>**

    JCU objects to Interrogatory No. 17 on the basis that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.

As to Objections:

_Julie A. Crocker_

Julie A. Crocker

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.      **Please produce any and all documents consulted, reviewed, or relied on in responding to this discovery, including interrogatories to which objections are made.**

**RESPONSE:**

JCU objects to Request for Production No. 1 on the basis that it is overly broad,

unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence.  JCU further objects to Request for Production No. 1 to the extent

it seeks documents protected from disclosure by the attorney-client privilege and/or

work-product doctrine.  Subject to and without waiving all objections, JCU will make

relevant, non-privileged, responsive documents available for inspection and copying at

a time and place mutually convenient to the parties.

2.      **Please produce all documentation related to Diana Chou's employment relationship with JCU, including any and all employment contracts entered into between the parties and any documents reflecting her tenure reviews and appeals through procedures available to Ms. Chou at JCU.**

**RESPONSE:**

JCU objects to Request for Production No. 2 on the basis that it is overly broad,

unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence.  JCU further objects to Request for Production No. 2 to the extent

it seeks documents protected from disclosure by the attorney-client privilege and/or

work-product doctrine.  JCU further objects to Request for Production No. 2 on the basis

that the phrases "tenure reviews" and "appeals through procedures available to Ms.

Chou at JCU" are undefined, and to that extent, Request for Production No. 2 is vague

and ambiguous.  Still further, JCU objects to Request for Production No. 2 on the basis

that it seeks documents already in Plaintiff's possession.  Subject to and without waiving

all objections, JCU will make relevant, non-privileged, responsive documents available for inspection and copying at a time and place mutually convenient to the parties.

3.  **Please produce documentation related to: a) Defendant's annual review of Plaintiff following the 2003-2004, 2004-2005, and 2005-2006 academic years; b) the midpoint (three-year) review of Plaintiff conducted by Curtis and Dr. Linda Koch ("Koch"); and c) the subsequent internal appeal of Plaintiff to the Defendant's tenure review committee.**

    **RESPONSE:**

    JCU objects to Request for Production No. 3 on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  JCU further objects to Request for Production No. 3 on the basis that the phrases "subsequent internal appeal" and "Defendant's tenure review committee" are undefined, and to that extent, Request for Production No. 3 is vague and ambiguous.  JCU further objects to Request for Production No. 3 on the basis that it seeks documents already in Plaintiff's possession.  Subject to and without waiving all objections, Defendant will make relevant, non-privileged, responsive documents available for inspection and copying at a time and place mutually convenient to the parties.

4.  **Please produce all correspondence, including but not limited to notes, emails, memos, and text messages, among and between Curtis and Koch and/or tenure review committee members, and among and between tenure review committee members and non-committee members reviewing and/or regarding the decision to remove Diana Chou from the University's tenure-track.**

    **RESPONSE:**

    JCU objects to Request for Production No. 4 on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  JCU further objects to Request for Production No. 4 on the basis

that the term "removed" is undefined, and therefore Request for Production No. 4 is

vague and not susceptible to answer by JCU.  JCU further objects to Request for

Production No. 4 to the extent it seeks documents protected from disclosure by the

attorney-client privilege and/or work-product doctrine.  JCU further objects to Request

for Production No. 4 on the basis that the phrases "tenure review committee members"

and "non-committee members are undefined, and to that extent, Request for Production

No. 4 is vague and ambiguous.  JCU further objects to Request for Production No. 4 on

the basis that it seeks documents already in Plaintiff's possession.  Subject to and

without waiving all objections, JCU will make relevant, non-privileged, responsive

documents available for inspection and copying at a time and place mutually convenient

to the parties.

5.     **Please produce the complete tenure-review file of Diana Chou.  Also
       produce any tenure-review documents related to Diana Chou, regardless of
       whether or not they are in her tenure-review file and mark separately any
       documents related to any appeals internally at JCU.**

       <u>**RESPONSE:**</u>

       JCU objects to Request for Production No. 5 on the basis that it is overly broad,

unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence.  JCU further objects to Request for Production No. 5 to the extent

it seeks documents protected from disclosure by the attorney-client privilege and/or

work-product doctrine.  JCU further objects to Request for Production No. 5 on the basis

that the phrases "tenure-review file" and "appeals" are undefined, and to that extent,

Request for Production No. 5 is vague and ambiguous.  Still further, JCU objects to

Request for Production No. 5 on the basis that it seeks documents already in Plaintiff's

possession.  Subject to and without waiving all objections, JCU will make relevant, non-

privileged, responsive documents available for inspection and copying at a time and place mutually convenient to the parties.

6.    **Please produce the complete personnel file of Diana Chou. Also produce any personnel-related documents for Diana Chou, regardless of whether or not they are in her personnel file.**

**RESPONSE:**

JCU objects to Request for Production No. 6 on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. JCU further objects to Request for Production No. 6 to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work-product doctrine. JCU further objects to Request for Production No. 6 on the basis that the phrase "personnel-related documents" are undefined, and to that extent, Request for Production No. 6 is vague and ambiguous. Still further, JCU objects to Request for Production No. 6 on the basis that it seeks documents already in Plaintiff's possession. Subject to and without waiving all objections, JCU will make relevant, non-privileged, responsive documents available for inspection and copying at a time and place mutually convenient to the parties.

7.    **Documents related to or reflecting the policies, procedures, and/or guidelines of Defendant's tenure track, tenure review and internal appeal system.**

**RESPONSE:**

JCU objects to Request for Production No. 7 on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. JCU further objects to Request for Production No. 7 to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work-product doctrine. JCU further objects to Request for Production No. 7 on the basis

that the phrases "policies", "procedures", "guidelines", "tenure track", "tenure review" and "internal appeal system" are undefined, and to that extent, Request for Production No. 7 is vague and ambiguous. Still further, JCU objects to Request for Production No. 7 on the basis that it seeks documents already in Plaintiff's possession. Subject to and without waiving all objections, JCU will make relevant, non-privileged, responsive documents available for inspection and copying at a time and place mutually convenient to the parties.

8.  **Produce the University's sexual harassment policies and non-retaliation policies.**

    **RESPONSE:**

    JCU objects to Request for Production No. 8 on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. JCU further objects to Request for Production No. 8 on the basis that it seeks documents that are publicly available. Subject to and without waiving all objections, JCU will make responsive documents available for inspection and copying at a time and place mutually convenient to the parties.

9.  **All complaints filed by employees or students against Curtis, and all investigative reports conducted by the University in response to such complaints.**

    **RESPONSE:**

    JCU objects to Request for Production No. 9 on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. JCU further objects to Request for Production No. 9 on the basis that the terms "complaints" and "Curtis" are undefined, and to that extent, Request for Production No. 9 is vague and ambiguous. JCU further objects to Request for Production No. 9 on the basis that it seeks

documents already in Plaintiff's possession.  Subject to and without waiving all

objections, and to the extent Plaintiff is requesting the production of internal JCU

"complaints" made against Leslie Curtis, JCU will make relevant, responsive

documents, to the extent they exist, available for inspection and copying at a time and

place mutually convenient to the parties.

**10.    All evaluations conducted by either students or employees of JCU in assessing the performance of Plaintiff in her duties as a faculty member.**

**RESPONSE:**

JCU objects to Request for Production No. 10 on the basis that it is overly broad,

unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence.  Subject to and without waiving all objections, JCU will make

relevant, responsive documents available for inspection and copying at a time and place

mutually convenient to the parties.

**11.    Produce each document that evidences, tends to evidence, supports, tends to support, or relates to any claim and defense raised in Plaintiff's Complaint or the Answer of the Defendant.**

**RESPONSE:**

JCU objects to Request for Production No. 11 on the basis that it is overly broad

and unduly burdensome.  JCU further objects to Request for Production No. 11 to the

extent it seeks the production of documents protected by the attorney-client privilege

and/or work product doctrine.  Subject to and without waiving all objections, JCU will

make relevant, non-privileged, responsive documents available for inspection and

copying at a time and place mutually convenient to the parties.

**12.    Produce each document Defendant provided to any expert witness retained to testify in this case.**

**RESPONSE:**

JCU objects to Request for Production No. 12 on the basis that it is premature.

JCU has not yet identified any expert witnesses who will testify at the trial of this case.

Subject to and without waiving all objections, JCU states that it will supplement its

response to Request for Production No. 12 in accordance with the Federal Rules of Civil

Procedure.

**13.    Produce a copy of each expert report (including drafts) and curriculum vitae for any expert witness retained by Defendant to testify in this case.**

**RESPONSE:**

JCU objects to Request for Production No. 13 on the basis that it is premature.

JCU has not yet identified any expert witnesses who will testify in this case.  Subject to

and without waiving all objections, JCU will supplement its response to Request for

Production No. 13 in accordance with the Federal Rules of Civil Procedure and/or any

orders of the Court.

## REQUESTS FOR ADMISSION

1.   **Admit that Diana Chou was hired by JCU prior to the start of the 2002-2003 academic year.**

   **ANSWER:**

   JCU is unsure of the intended meaning of the phrase "2002-2003 academic year" and on that basis, Request for Admission No. 1 is vague and not susceptible to answer by JCU. Subject to and without waiving this objection, JCU admits that Plaintiff and JCU executed a Faculty Contract Form on July 22, 2002, which set forth that Plaintiff was employed as a Visiting Associate Professor in the Department of Art History and Humanities for the 2002-2003 academic year.

2.   **Admit that Diana Chou was hired as a tenure track assistant professor in JCU's art history department in the College of Arts and Sciences.**

   **ANSWER:**

   JCU is unsure of the intended meaning of the phrase "tenure track assistant professor" and on that basis, Request for Admission No. 2 is vague and not susceptible to answer by JCU. Subject to and without waiving this objection, JCU admits that Plaintiff was appointed to the rank of Assistant Professor in JCU's Department of Art History and Humanities, and that when appointed to this position, Plaintiff was a tenure-track faculty member.

3.   **Admit that Diana Chou was selected to become a tenure-track faculty member in JCU's College of Arts and Sciences commencing with the 2003-2004 academic year.**

   **ANSWER:**

   JCU is unsure of the intended meaning of the phrase "commencing with the 2003-2004 academic year" and on that basis, Request for Admission No. 3 is vague and not susceptible to answer by JCU. Subject to and without waiving this objection,

JCU admits that Plaintiff was a tenure track faculty member during the 2003-2004 academic year.

4.    **Admit that Diana Chou filed an internal sexual harassment complaint against Curtis prior to Chou's third year on the tenure-track.**

   **ANSWER:**

   JCU is unsure of the intended meaning of the phrase "internal sexual harassment complaint" and on that basis, Request for Admission No. 4 is vague and not susceptible to answer by JCU.  Subject to and without waiving this objection, JCU admits that Plaintiff filed a complaint with JCU's Sexual Harassment Board on May 31, 2005 and that this complaint asserted claims of sexual harassment based on alleged actions by Leslie Curtis.  JCU further admits that the filing of this complaint occurred after the Tenure Review Committee of the Art History Department issued its Second Year Tenure Review Report of Plaintiff on April 27, 2005, which recommended that Plaintiff not continue on JCU's tenure track.  JCU further admits that the allegations in the May 31, 2005 complaint were fully investigated and were determined to be unfounded.

   JCU further admits that Plaintiff submitted a discrimination grievance to the University's Coordinator of Equal Opportunity Programs (for Faculty) on August 31, 2006, which asserted claims of sexual harassment based on alleged actions by Leslie Curtis.  JCU further admits that the claims made in the August 31, 2006 grievance were investigated and were found to lack merit.

5.    **Admit that Curtis and Koch comprised the two-person committee that conducted Diana Chou's third-year tenure review.**

   **ANSWER:**

   JCU is unsure of the intended meaning of the phrases "third-year tenure review" and "committee" and on that basis, Request for Admission No. 5 is vague and not

susceptible to answer by JCU.  Subject to and without waiving this objection, JCU

admits that Leslie Curtis and Linda Koch were the tenured members of the Department

of Art History and Humanities who comprised the Tenure Committee of the Department

of Art History and Humanities that performed Plaintiff's tenure review in March of 2006.

6.    **Admit that Curtis and Koch were married to each other at the time of Chou's third-year tenure review.**

      **ANSWER:**

      JCU is unsure of the intended meaning of the phrase "third-year tenure review"

and on that basis, Request for Admission No. 6 is vague and not susceptible to answer

by JCU.  Subject to and without waiving this objection, JCU states that Dr. Curtis and

Dr. Koch were not married to each other at the time of Plaintiff's third-year tenure

review.

7.    **If Curtis and Koch were not married to each other at the time of Chou's third-year tenure review, admit that they lived together.**

      **ANSWER:**

      JCU is unsure of the intended meaning of the phrase "third-year tenure review"

and on that basis, Request for Admission No. 7 is vague and not susceptible to answer

by JCU.  Subject to and without waiving this objection, JCU states that it is without

knowledge or information sufficient to admit or deny the allegations contained in

Request for Admission No. 7.

8.    **Admit that Diana Chou was the only Asian-American woman faculty member on the tenure-track in JCU's College of Arts and Sciences when removed from the tenure track.**

      **ANSWER:**

      Admit.

9.   **Admit that Diana Chou was not told the reasons for her removal from the tenure track in JCU's College of Arts and Sciences at the time the decision was made.**

**ANSWER:**

Deny.

10.  **Admit that Curtis and Koch were placed on the faculty appeal committee that reviewed the decision to remove Diana Chou from the tenure-track in JCU's College of Arts and Sciences.**

**ANSWER:**

JCU is unsure of the intended meaning of the phrase "faculty appeal committee"

and on that basis, Request for Admission No. 10 is vague and not susceptible to answer

by JCU.  Subject to and without waiving this objection, JCU states that Leslie Curtis and

Linda Koch were members of the nine member committee formed to examine Plaintiff's

third-year tenure review.

11.  **Admit that Diana Chou received positive evaluations from her students during her employment as an assistant professor in JCU's College of Arts and Sciences.**

**ANSWER:**

JCU admits that Plaintiff received some positive evaluations from students during

her employment as an Assistant Professor in JCU's Department of Art History and

Humanities.

12.  **Admit that Diana Chou's employment contract with JCU did not terminate until the end of July 2008.**

**ANSWER:**

JCU is unsure of the intended meaning of the phrase "employment contract" and

on that basis, Request for Admission No. 12 is vague and not susceptible to answer by

JCU.  Subject to and without waiving this objection, JCU admits that Plaintiff and JCU

executed a Faculty Contract Form which set forth that Plaintiff was to be employed as

an Assistant Professor in the Department of Art History and Humanities during the

2007-2008 academic year.

13.    **Admit that Diana Chou was denied access to JCU buildings beginning in May 2008.**

       **ANSWER:**

       JCU is unsure of the intended meaning of the phrase "beginning in May 2008"

and therefore, Request for Admission No. 13 is vague and not susceptible to answer by

JCU.  Subject to and without waiving all objections, JCU states that Plaintiff was denied

access to JCU buildings upon the expiration of her contract at the end of the 2008

academic year.

14.    **Admit that Diana Chou was denied access to JCU's email system beginning in May 2008.**

       **ANSWER:**

       JCU is unsure of the intended meaning of the phrase "beginning in May 2008"

and therefore, Request for Admission No. 14 is vague and not susceptible to answer by

JCU.  Subject to and without waiving all objections, JCU states that Plaintiff was denied

access to JCU's email system upon the expiration of her contract at the end of the 2008

academic year.

Respectfully Submitted,

Joel A. Makee (0009524)
jmakee@taftlaw.com
David H. Wallace (0037210)
dwallace@taftlaw.com
Robert H. Fischer, Esq. (0071532)
rfischer@taftlaw.com
Julie A. Crocker (0081231)
jcrocker@taftlaw.com
TAFT STETTINIUS & HOLLLISTER LLP
200 Public Square, Suite 3500
Cleveland, Ohio  44114-2302
Telephone:  (216) 241-2838
Facsimile:  (216) 241-3707

Attorneys for Defendant
John Carroll University

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this

2nd day of September, 2009, via regular U.S. mail and via e-mail upon the following:

Bruce B. Elfvin
bbe@elfvinbesser.com
Barbara Kaye Besser
bkb@elfvinbesser.com
Stuart Torch
stuart.torch@elfvinbesser.com
ELFVIN & BESSER
4070 Mayfield Road
Cleveland, Ohio 44121-3031

Attorneys for Plaintiff
Diana Chou

_____
One of the Attorneys for Defendant
John Carroll University

## VERIFICATION

STATE OF OHIO                )
                             ) ss:
COUNTY OF CUYAHOGA           )

I, Maria Alfaro-Lopez, being first duly sworn, depose and state:

1.    I am General Counsel for Defendant John Carroll University (the "University").

2.    I was duly chosen and have been authorized by the University to answer Plaintiff's First Set of Interrogatories on the University's behalf.

3.    I authorized the University's attorneys to conduct the investigation necessary and appropriate to respond to Plaintiff's First Set of Interrogatories.

4.    Based upon that investigation, to the best of my knowledge and belief, the foregoing answers furnish such information as is known by or available to the University, subject to any and all applicable objections.

_____
Maria Alfaro-Lopez
General Counsel, John Carroll University

SWORN TO BEFORE ME and subscribed in my presence this 2nd day of September, 2009.

_____
NOTARY PUBLIC

SHARLYNA K. McQUEEN
Notary Public, State of Ohio
My Commission Expires Jan. 24, 2010