EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIANA CHOU,<br><br>            Plaintiff,<br><br>     vs.<br><br>JOHN CARROLL UNIVERSITY,<br><br>            Defendant. | CASE NO. 1:09-CV-1054<br><br>JUDGE SOLOMON OLIVER, JR.<br><br>**PLAINTIFF'S SECOND AMENDED COMPLAINT** |

## INTRODUCTION

1.     This case arises out of discriminatory employment practices of Defendant John Carroll University toward Plaintiff Diana Chou because of her race, Chinese, her gender, Female, and/or in retaliation for opposing or otherwise protesting unlawful employment practices.  Plaintiff seeks compensatory and punitive damages, permanent injunctive relief and equitable relief, as well as reasonable attorney fees and costs.  In addition Plaintiff is entitled to relief for the failure to preserve documents or evidence.

2.     This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e-*et seq.*), and ORC Chapter 4112 and ORC §4112.99.  A spoliation claim is brought pursuant to state law, and declaratory judgment is sought pursuant to ORC §2721.

3.     This court has subject matter jurisdiction over claims arising under the Ohio Revised Code, Sections 706(f)(1) and (3) of Title VII (42 U.S.C. §2000e-5(f)(1) and (3)),

and personal jurisdiction over the parties who conduct business and reside in Cuyahoga County, Ohio.  The acts complained of herein took place in Cuyahoga County, Ohio.

## PARTIES

A.   Plaintiff

4.   Plaintiff, Diana Chou ["Plaintiff" or "Chou"], is female, and is Chinese racially and ethnically.  She has resided in Cuyahoga County, Ohio.  At all times material to the allegations herein, Plaintiff was employed by Defendant John Carroll University in Cuyahoga County, Ohio up to and including June of 2008.

5.   Plaintiff holds, in addition to other degrees, a Ph.D. in Art History.

6.   Plaintiff was employed by Defendant at all times material to the allegations of this Complaint as an assistant professor on the tenure-track included her final year of termination employment when Chou exhausted all internal appeals provided by Defendant concerning its removal of Chou from the tenure track.

B.   Defendant

7.   Defendant, John Carroll University ["Defendant" or "JCU"], is an institution of higher education which employs in excess of 100 persons.  JCU is an Ohio-registered corporation not for profit, located in University Heights, Cuyahoga County, Ohio.  JCU offers educational programs at the undergraduate and graduate levels at its campus in University Heights, Ohio.

8.   Defendant is an institution of higher education, as defined by §1713 of the Ohio Revised Code, organized to be operated exclusively for religious, charitable, scientific, literary and/or educational purposes.

9.      Defendant is an employer within the meaning of ORC §4112.01(A)(2) and 42 U.S.C. §2000e(b).  Defendant has, at all times material to this Complaint, continuously employed fifteen (15) or more employees.

### STATEMENT OF FACTS

10.     JCU hired Chou initially as a visiting professor in JCU's Art History department in the College of Arts and Sciences for the 2002-2003 academic year.  Chou, during the academic year that she was a visiting professor, competed for and was selected for a tenure track faculty position in Art History commencing with the 2003-2004 academic year.

11.     During her employment with JCU, Plaintiff, based upon information and belief, was the only Asian female professor on tenure track in the College of Arts and Sciences.

12.     Plaintiff's specialty area in art history is Asian Art History.  Her appointment as a tenure track assistant professor began with the 2003-2004 academic year.  Under the terms of Chou's tenure track appointment, Chou would be reviewed for progress towards tenure annually during the six-year tenure track period.

13.     Faculty members on the tenure track at JCU, including Chou, have six years to meet the requirements of and to apply for tenure.  Each tenure track faculty member is given an annual progress review, with a more thorough midpoint review after three years on the tenure track.  The JCU College of Arts and Sciences establishes, including Art History, are under the same policies and follow the same procedures and guidelines

in conducting tenure reviews and making tenure decisions.  All tenure-related decisions are reviewed at the college level and ultimately by the overall administration of JCU.

14.     At the time of Chou's third-year review, about 10 other tenure-track faculty members in the College of Arts and Sciences all passed their third-year tenure track reviews at JCU.

15.     Chou engaged in a protected activity, to-wit:  Prior to Chou's third year on the tenure track, she filed an internal EEO complaint with JCU concerning the conduct of Dr. Leslie Curtis ("Curtis"), the then-Chairman of the Art History Department at JCU, alleging a sexually hostile work environment.  JCU made an administrative inquiry into these allegations of unlawful employment practices, but did not take any action on this EEO complaint.

16.     Plaintiff's third-year tenure review was conducted by a two-person tenure review committee, consisting of Curtis, and Dr. Linda Koch ("Koch").  Curtis and Koch live together, and based upon information and belief, are married.  While the exact status of the relationship between Curtis and Koch is not central to this case, the third-year review in this case was carried out by only these two tenured faculty members.

17.     Even though Chou had exceeded the academic achievement of similarly situated white males who had been or would be granted tenure, and kept on the tenure track in JCU's College of Arts and Sciences, Curtis and Koch recommended that Chou be removed from the tenure track at the end of the 2005-2006 academic year.

18.     Chou was removed from the tenure track despite overwhelmingly positive evaluations from her students, and despite being held in high esteem by a multitude of fellow JCU professors.

19.     On information and belief, Chou states that she was the only third-year tenure track review in the spring of 2006 that resulted in a recommendation to remove, and ultimately resulted in the removal of Chou from the tenure track at the end of the 2006-2007 academic year.  This removal of Chou was delayed due to internal reviews at JCU until the end of the 2007-2008 academic year.   Any removal from the tenure track results in the faculty member being awarded a one-year final contract, followed by termination.

20.     Neither Curtis nor Koch has expertise in Asian art history, which is Chou's specialty area.  Chou exercised her rights to have the recommendation to remove her reviewed within the College of Arts and Sciences and the administration of JCU under all of the policies and procedures available to her.  As a part of this process, Chou was supposed to have a randomly drawn review committee at JCU.  The same two (2) professors on Chou's 3-year tenure review committee were placed on the faculty review committee and the chair of the committee was a dean that was involved in the initial review of the department recommendation.  Chou was never allowed to appear and answer any questions by JCU's review committee and did not receive any reasons given for the JCU review committee's decision.

21.     Chou sought a full review within the College of Arts and Sciences which was not conducted in compliance with JCU policies.   Ultimately, after the exhaustion of all

internal review steps, Chou was terminated effective with the end of her contract and told to remove her possessions from JCU following the end of the semester in May of 2008, even though her contract would not expire until the end of July.  Chou believes that males who had their tenure track appointments ended effective with end of the 2007-2008 academic year were not required to immediately vacate their offices at the end of classes in May, nor have their email access denied.

22.     Chou filed a timely charge of discrimination internally at JCU, and with the EEOC (Charge No. 532-2007-00898, filed on or about March 5, 2007), concerning the decision to remove her from the tenure track.  EEOC found reasonable cause to believe that violations of Title VII had occurred, attempted conciliation, and upon failing conciliation, issued a Notice of Right to Sue on March 30, 2009.  This amended complaint is filed within 90 days of receipt of the Notice of Right to Sue. (Both documents attached and incorporated herein as Exhibit 1 and Exhibit 2 to Plaintiff's First Amended Complaint).

23.     Chou published a book in her specialty area prior to her third year review during her tenure track period.  At least some of the white males who were granted tenure had not published books, including Art History department tenure committee members.

## STATEMENT OF CLAIMS

### COUNT 1 - Violation of Title VII and ORC Chapter 4112
### Discrimination Based on Race and/or Gender

24.  Plaintiff hereby incorporates by reference all preceding paragraphs as if fully restated herein.

25.   Defendant has engaged in unlawful employment practices against Plaintiff by providing different terms and conditions for her employment because of her race and/or gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), and ORC Chapter 4112 and §4112.99.

26.   Defendant discriminatorily and unlawfully terminated Plaintiff's employment because of her race and/or gender, and treated her differently than white and/or female faculty members on the tenure track in the College of Arts and Sciences.

27.   Defendant's unlawful practices as alleged herein have adversely affected Plaintiff's status as an employee of Defendant in violation of Title VII and ORC Chapter 4112.

## COUNT 2 - Retaliation
### Under both state law and Title VII, 42 U.S.C. §2000e3(a)

28.   Plaintiff hereby incorporates by reference all preceding paragraphs as if fully restated herein.

29.   Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), prohibits discrimination against a person for making charges, testifying, assisting, or participating in proceedings before or with the EEOC under Title VII of the Civil Rights Act of 1964; and prohibits employers from discriminating against employees who have opposed any unlawful employment practice under 42 U.S.C. §2000e-*et seq.*  Chou's conduct herein falls under both the participation and opposition clauses of Section 704(a).

30.   Chou was removed from her tenure track after the third year review by the Chairman of the committee who was the person accused of harassment.  Following the

complaints by Chou, her treatment by Curtis became highly critical without any reasonable basis.

31.       JCU, through its authorized agent, Curtis, retaliated against Chou and sought to have her removed from the faculty in retaliation for engaging in a protected activity, to-wit: filing a complaint of sexual harassment.

32.       Furthermore, after filing her charge of discrimination and retaliation with EEOC in or about March, 2007, Chou was treated differently from others who were denied continuation on the tenure track and/or tenure.

33.       Chou has applied for a vacant and advertised Asian Art History tenure-track position at JCU in January, 2009, and based upon information and belief, was not considered for this position due to her engaging in the aforementioned protected activities.

## COUNT 3 - Spoliation of Evidence
### Under state law

34.       Plaintiff hereby incorporates by reference all preceding paragraphs as if fully restated herein.

35.       Plaintiff initially filed a charge of discrimination under Title VII with EEOC in March, 2007 (Charge No. 532-2007-00898, signed March 5, 2007).   Defendant had been on notice prior to this date that Plaintiff Chou was holding off filing a formal charge of discrimination to allow Defendant's internal processes of review to continue, with respect to her claims of sexual harassment.

36.        After a charge of discrimination has been filed under Title VII, the EEOC's procedural regulations, specifically 29 C.F.R. § 1602.14, require an employer to preserve all personnel and other records relevant to the charge until final disposition of the charge.  Final disposition of the charge includes any legal proceedings undertaken on the charge.

37.        On April 22, 2008, the EEOC issued a determination in which it found reasonable cause to believe that the charge of Plaintiff was true and that Defendant had engaged in discrimination against Plaintiff in violation of Title VII.

38.        Following the EEOC's unsuccessful attempts to conciliate Plaintiff's charge, Plaintiff filed the instant case in state court under ORC Chapter 4112 on March 19, 2009.  Service was perfected on Defendant on March 28, 2009.

39.        EEOC issued a Notice of Right to Sue to Plaintiff on March 30, 2009.

40.        On April 21, 2009, Plaintiff amended her state court complaint to include Title VII claims pursuant to the Notice of Right to Sue.

41.        Defendant removed the case to federal court on May 19, 2009.

42.        Since at least the Fall of 2006, Defendant has been on notice that Plaintiff had a claim for employment discrimination.  At least no later than her filing a charge of discrimination with EEOC in March, 2007, was Defendant aware that there was probable litigation involving Plaintiff.

43.      In response to interrogatories, Defendant indicated that it did not take reasonable efforts to suspend the destruction or overwriting of electronic documents until May of 2009.  In this interrogatory response, Defendant gave no indication if and when it had suspended destruction of non-electronic documents.

44.      By waiting more than two (2) years from the date Plaintiff filed her EEOC charge to begin to preserve relevant documents, Defendant willfully violated its obligations pursuant to 29 CFR § 1602.14, for the purposes of disrupting Plaintiff's ability to prove her claims in this action.

45.      Defendant's conduct has disrupted and may continue to disrupt Plaintiff's ability to prove her claims.

46.      Defendant's conduct was a proximate cause of injury to Plaintiff and Plaintiff has suffered damages due to this conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A.      Declare the actions of Defendant as described herein to be unlawful and in violation of Plaintiff's rights granted to her by the state of Ohio;

B.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination against Plaintiff on the basis of race and/or gender;

C.      Order an adverse inference in favor of Plaintiff and against Defendant with respect to all documents it destroyed and/or failed to preserve;

D.      Make Plaintiff whole including reinstatement, with back pay and

restoration of all benefits lost, including but not limited to pension and pension credits, and other losses in an amount to be proved at trial;

E.     Award Plaintiff compensatory damages and punitive damages for the injuries proximately caused by Defendant's conduct in an amount to be determined at trial and in excess of $25,000;

F.     Award Plaintiff pre-judgment and post-judgment interest on all monetary awards;

G.     Award Plaintiff the costs of this action, including reasonable attorney fees pursuant to 42 U.S.C. §2000e-5(k); and

H.     Award such other and further relief as is necessary and proper.

Respectfully submitted,

*s/ Bruce B. Elfvin*
Bruce B. Elfvin (Oh. Sup. Ct. #0015694)
bbe@elfvinbesser.com
Barbara Kaye Besser (Oh. Sup. Ct. #0017624)
bkb@elfvinbesser.com
Stuart Torch (Oh. Sup. Ct. #0079667)
stuart.torch@elfvinbsser.com

ELFVIN ✧ BESSER
4070 Mayfield Road
Cleveland, Ohio  44121-3031
216.382.2500 (voice)
216.381.0250 (facsimile)

Attorneys for Plaintiff Diana Chou

## JURY DEMAND

Plaintiff demands a trial by jury on all claims that may be so tried.

*s/ Bruce B. Elfvin*
Bruce B. Elfvin
One of the attorneys for Plaintiff