**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DIANA CHOU, | ) CIVIL ACTION NO. 1:09-CV-1054 |
| Plaintiff, | ) JUDGE SOLOMON OLIVER, JR. |
| v. | ) |
| JOHN CARROLL UNIVERSITY, | ) DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE |
| Defendant. | ) SECOND AMENDED COMPLAINT |

## I.  INTRODUCTION

Plaintiff Diana Chou's ("Plaintiff") Motion For Leave To File Second Amended Complaint should be viewed by this Court for what it is – a thinly veiled attempt to create the impression that the University is a bad actor and an attempt to distract the Court from the real issues raised in this action.  Plaintiff has no basis for moving to assert a claim for spoliation of evidence against Defendant John Carroll University (the "University"), and because the assertion of such a claim would be futile and would prejudice the University, Plaintiff's Motion For Leave should be denied.

## II.  FACTUAL BACKGROUND

This case arises out of Plaintiff's inability to meet the established standards for an award of tenure at the University.  Instead of recognizing that Plaintiff lacked the qualifications necessary for one to continue on the University's tenure track and be awarded tenure, Plaintiff has blamed the University for her removal from the tenure-track and now asserts state and federal claims against it for discrimination and

71158737.3

retaliation. (ECF Doc. 1-2.) In an effort to distract the Court and the University from the real issues before the Court, Plaintiff has moved once again to amend her already Amended Complaint to assert a claim for spoliation of evidence under Ohio law. Plaintiff moves to assert this claim without having any basis for believing, and no evidence to support, that the University wrongfully and intentionally destroyed evidence with the intent of harming Plaintiff's case, requisite elements of such a claim. The only support Plaintiff asserts for her baseless assumption that evidence was destroyed is that Defendant made efforts to suspend the destruction of electronic documents in May of 2009 when, according to Plaintiff, Defendant should have made these efforts at an earlier time. Plaintiff has not even alleged, however, that the willful and intentional destruction of evidence has occurred, that the destruction of information relevant to her case has occurred, or that she has suffered damages as a result of the University's actions. Plaintiff cannot make such allegations, because there is no evidence, and Plaintiff has no good faith basis to believe, that the destruction of any information has occurred, let alone information relevant to and necessary for Plaintiff's case.

## III. THIS COURT SHOULD DENY PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT BECAUSE THE AMENDMENT WOULD BE FUTILE AND WOULD PREJUDICE DEFENDANT.

Rule 15 of the Federal Rules of Civil Procedure permits a party to amend its pleading with leave of Court. Fed.R.Civ.P. 15(a)(1). It is proper for a court to deny a request for leave to amend if it finds that amendment would unduly prejudice the opposing party or if amendment would be futile. *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 698 (6th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Because amendment of Plaintiff's Amended Complaint would be futile and would cause

undue prejudice to the University, Plaintiff's Motion for Leave to File Second Amended Complaint should be denied.

### A.    Plaintiff's Proposed Claim For Spoliation of Evidence Fails To State A Claim Upon Which Relief Can Be Granted.

The Sixth Circuit has held that a proposed amendment is futile if the amendment cannot withstand a Fed.R.Civ.P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000); *In re Royal Appliance Securities Litigation*, 64 F.3d 663, 1995 WL 490131, at *5 (6th Cir. 1995) (one "obvious circumstance" in which amendment will not be allowed "is where the amended complaint could not withstand a Rule 12(b)(6) motion"); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980) (noting that leave to amend may be denied where the complaint, as amended, could not withstand a motion to dismiss). A claim cannot withstand a Rule 12(b)(6) motion to dismiss if it "fail[s] to state a claim upon which relief can be granted."

In considering whether Plaintiff has failed to state a claim for spoliation of evidence under Ohio law, this Court must examine the substantive law of the state of Ohio. *See, e.g., Bell v. City of Cleveland*, No. 1:07CV3224, unreported, 2009 WL 541320 (N.D. Ohio March 3, 2009). In Ohio, the elements of a spoliation of evidence cause of action are:

    (1)    pending or probable litigation involving the plaintiff;

    (2)    knowledge on the part of the defendant that the litigation exists or is probable;

    (3)    willful destruction of the evidence by defendant designed to disrupt the plaintiff's case;

    (4)    disruption of the plaintiff's case; and

(5)     damages proximately caused by the defendant's actions.

*Nye v. CSX Transp., Inc.*, 437 F.3d 556, 569 (6th Cir. 2006) (quoting S*mith v. Howard Johnson Co.*, 67 Ohio St.3d 28, 29, 615 N.E.2d 1037 (1993). Plaintiff has failed to allege all of these necessary elements in her proposed spoliation of evidence claim. None of the allegations in Plaintiff's proposed Second Amended Complaint allege that Defendant willfully destroyed evidence with the intent of disrupting Plaintiff's case, or that the destruction of information relevant to her case has occurred and has caused Plaintiff to suffer damages.

Plaintiff alleges only that the University violated its obligations to preserve certain records pursuant to 29 C.F.R. § 1602.14 (ECF Doc. 25-2 at ¶ 44) – not that the University intentionally and willfully destroyed evidence with the intent of disrupting Plaintiff's case, which is a necessary allegation of a claim for spoliation. *Id.* In addition, it is questionable as to how, at this early stage of the proceedings, Plaintiff can, in good faith, assert that the destruction of evidence occurred and that such destruction has disrupted Plaintiff's case. Discovery is not complete and Plaintiff cannot assert in good faith, at this point in the proceeding, that her case has been disrupted when she does not know, and has no reason to believe, that evidence was destroyed.

Not only does the proposed claim fail to allege that the University destroyed evidence with the intent of disrupting Plaintiff's case, it fails to allege how Plaintiff has been damaged by such purported conduct. *See Tate et al. v. Adena Regional Medical Center et al.,* 801 N.E.2d 930, 937-38 (Ohio Ct. App. 2003) ("The point is that we have no idea what information the Post-it Note actually contained and whether it would have been helpful to appellant's case. Thus we do not see how appellant was damaged or prejudiced by the note's destruction.") *See also Miller v. Wire one Technologies, Inc.,*

4

No. 19876, unreported, 2004 WL 869401, at *2 (Ohio Ct. App. April 23, 2004) (concluding that the trial court properly denied motion to amend complaint because plaintiff "failed to make a prima facie showing of spoliation" and specifically, failed to show that he suffered damages and that his case was disrupted).  Plaintiff fails to allege how her case has been adversely impacted by the University's alleged actions and makes only the conclusory allegation that her case has been "disrupted."  (ECF Doc. 25-2 at ¶ 45.)  The reason for Plaintiff's failure to plead these allegations is obvious – Plaintiff's case has not been affected or in any way harmed by the University's conduct.

Plaintiff's failure to allege the requisite elements of a spoliation claim is fatal to her Motion to Amend.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (noting that a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  Because Plaintiff has failed to plead the necessary elements of a claim for spoliation, her claim would not survive a Rule 12(b)(6) motion to dismiss.  Therefore, permitting Plaintiff to amend her Amended Complaint would be futile.

Accordingly, because Plaintiff's proposed Second Amended Complaint makes only conclusory allegations regarding the destruction of evidence, and fails to allege all of the requisite elements of a spoliation claim, it fails to state a claim which would entitle Plaintiff to relief.  Therefore, Plaintiff's Motion for Leave to Amend should be denied.

### B. Granting Leave To Amend Would Unduly Prejudice the University.

A district court does not abuse its discretion in denying a motion seeking leave to amend a complaint when the supplemental claim sought to be tried would confuse the jury and prejudice the defendant.  See *Duchon v. Cajon,* 791 F.2d 43, 48 (6th Cir. 1986) (finding district court did not abuse its discretion in denying motion seeking leave to amend complaint to allege claims that were distinct from claims brought forth in the original complaint).  The claim Plaintiff seeks to add for spoliation of evidence is distinct and remote from her other claims, because it relates to the litigation process and the mere <u>possibility</u> that a spoliation claim may exist and it does not relate to the claims asserted by Plaintiff for discrimination and retaliation.

Because the proposed spoliation claim is unrelated to the claims forming the basis of this lawsuit, trying such a claim would distract the jury from the real issues raised in this matter – primarily whether the University discriminated and retaliated against Plaintiff.  For example, in *Duchon v. Cajon Co.*, the Sixth Circuit affirmed the trial court's denial of the plaintiff's motion to amend her complaint to include state law claims because of the wholly distinct elements and natures of the proposed claims and the claims already asserted.  791 F.2d 43 at 47.  The Court explained that "to try the state claims to a jury while trying the Title VII action to the court would be confusing, complex, and ultimately prejudicial to defendants."  *Id.* at 48 ("Prejudice . . . is a legitimate basis for denial of leave to amend.")  *See also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1487 (2d ed. 1990)(explaining that if the district court determines "that the issues raised by the amendment are remote from other issues in the case and might confuse or mislead the jury, leave to amend well may be denied").

Thus, because Plaintiff's proposed spoliation claim deals with issues regarding the University's preservation of evidence, assertion of the claim would only confuse the jury.

Furthermore, the University would be prejudiced by the assertion of a spoliation claim because of the danger that Plaintiff's baseless accusations may bias the jury against the University. Plaintiff's proposed claim for spoliation of evidence is based on the University's purported conduct prior to and during this litigation. Exposing the jury to allegations of wrongful conduct unrelated to Plaintiff's claims for discrimination and retaliation creates a risk that the jury may improperly infer that the University had a propensity to engage in wrongful conduct and/or acted wrongfully toward Plaintiff on prior occasions. *See, e.g., Stiller v. Colangelo*, 221 F.R.D. 316, 317 (D. Conn. 2004) (noting that "exposing the jury to allegations of wrongful conduct . . . could easily prejudice the jury"). Allowing Plaintiff to assert a claim for spoliation would therefore present the jury with allegations of wrongful conduct that could easily prejudice the jury against the University.

## IV.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion for Leave to File Second Amended Complaint. Plaintiff's proposed claim for spoliation fails to allege all of the requisite elements of such a claim because Plaintiff has no evidence or good faith basis to support these elements. It necessarily follows that the proposed spoliation claim would not withstand a Rule 12(b)(6) motion to dismiss and that amendment would be futile. Permitting Plaintiff to assert a cause of action for spoliation of evidence would prejudice Defendant and confuse the jury. Plaintiff's proposed spoliation claim is entirely different from her discrimination and retaliation claims and assertion of a spoliation claim during trial would confuse the jury

7

and may cause the jury to improperly conclude that the University has previously engaged in wrongful conduct. As such, Plaintiff's Motion for Leave to File Second Amended Complaint should be denied.

>
> Respectfully submitted,
>
> */s/ Julie A. Crocker*
> Joel A. Makee (0009524)
> jmakee@taftlaw.com
> David H. Wallace (0037210)
> dwallace@taftlaw.com
> Robert H. Fischer (0071532)
> rfischer@taftlaw.com
> Julie A. Crocker (0081231)
> jcrocker@taftlaw.com
> TAFT STETTINIUS & HOLLISTER LLP
> 200 Public Square, Suite 3500
> Cleveland, Ohio 44114-2302
> Telephone: (216) 241-2838
> Facsimile: (216) 241-3707
>
> Attorneys for Defendant
> John Carroll University

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              */s/ Julie a. Crocker*
                                              Attorney for Defendant
                                              John Carroll University

71158737.3