UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIANA CHOU,<br><br>               Plaintiff,<br><br>        vs.<br><br>JOHN CARROLL UNIVERSITY,<br><br>               Defendant. | CASE NO. 1:09-CV-1054<br><br>JUDGE SOLOMON OLIVER, JR.<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

NOW COMES PLAINTIFF, by and through counsel, and hereby submits the following reply brief, pursuant to Local Rule 7.1(e), in support of her Motion for Leave of Court to file her Second Amended Complaint.  (DN 25).

### A. Plaintiff Has Complied With Rules 8(a) and 11

Plaintiff has met her burden under the Federal Rules of Civil Procedure.  Rule 8(a) requires that Plaintiff's complaint contain "a short and plain statement of the claim".  Rule 11(b)(3) requires that "factual contentions have evidentiary support **or**, if specifically so identified, **will have evidentiary support after a reasonable opportunity for further investigation and discovery**."   (Emphasis added).  Defendant's brief in opposition to Plaintiff's request to amend her complaint (DN 27), filed October 19, 2009, reads like a 12(b)(6) motion.  Defendant chooses to ignore the true nature of Plaintiff's motion.  Plaintiff has merely asked to amend her complaint – not conclusively prove a claim.  Plaintiff is entitled to undertake discovery to determine what

documents were not preserved or were destroyed, and determine the consequences, if any, to Plaintiff's ability to prove her claims.  Further, Plaintiff has provided Defendant with more than mere conclusory allegations.   Plaintiff has pled with the requisite specificity the basis for her assertion of the spoliation claim, to wit: That Plaintiff has a good faith belief that documents, including electronically stored information, were not preserved based upon Defendant's willful failure to timely adhere to document preservation guidelines and federal regulations, based on its own admissions.

Plaintiff, first became aware of a potential cause of action in September, 2009, would be remiss in not timely raising this claim.  Plaintiff can only assume that had she raised this claim later in the case, Defendant would have argued it was untimely, barred by laches, and/or otherwise waived.  Cf. *Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 167 (4th Cir., 2001) (Party waived its claim by failing to file a timely motion to amend complaint).  Under the doctrine of claim preclusion, had Plaintiff not alleged the spoliation claim when she did, she would have run the risk of having the action barred by *res judicata*.  See, e.g., *Phillips/May Corp. v. United States*, 524 F.3d 1264, 1267 (Fed. Cir. 2008) (claim preclusion refers to the effect of foreclosing any litigation of matters that never have been litigated, because of a determination that they should have been advanced in an earlier suit).

If the Court denies Plaintiff's motion, Defendant will likely attempt to block Plaintiff's efforts to take discovery on the matter of which documents/records were not preserved or were destroyed.  This is Defendant's presumed purpose in opposing Plaintiff's request to amend her Complaint.

**B. Rule 15 and Justice Requires Granting Plaintiff's Leave to Amend**

Rule15(a) states that when a party seeks leave of court to file an amended pleading, "leave shall be freely given when justice so requires."  *See Foman v. Davis,* 371 U.S. 178 (1962) and *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321 (1971).  The Court in *Foman* decided that this rule should be interpreted liberally, and that unless there was undue delay, bad faith, or dilatory motive on the part of the movant, leave should be granted. In *Zenith Radio Corp.,* the Court addressed the issue of delay.  The *Zenith* Court held that mere delay, alone, is not a reason to deny leave to amend.  However, when delay is coupled with demonstrable prejudice, either to the interests of the opposing party or of the Court, denial for leave to amend is justified.

In this case, Plaintiff timely moved for leave of court to amend her pleadings as soon as she discovered the discrepancy between Defendant's start of document preservation and when Defendant was first put on notice through Plaintiff's EEOC charge and prior notice of representation.  Because Plaintiff filed a charge with the EEOC in 2007, Defendant was on notice and was required to comply with EEOC's procedural regulations, specifically, 29 CFR §1602.14 – which requires an employer to preserve all personnel and other records relevant to the charge until final disposition of the charge.  Thus, Defendant should have started preserving documents related to Plaintiff's case no later than March of 2007, not May of 2009.

Plaintiff did not discover Defendant's reported beginning document preservation date of May 2009 until receiving Defendant's discovery responses.  Upon realizing the significant discrepancy, Plaintiff promptly moved for leave of Court to amend her complaint.  Thus, since Plaintiff's leave to amend is not an undue delay and not in bad

faith, justice requires that Plaintiff's motion be granted.

### C.  <u>Plaintiff Properly Alleged All Requisite Elements Of Spoliation</u>

Plaintiff does not contest Defendant's characterization of the requisite elements of a claim of spoliation of evidence under Ohio law. (DN 27, pages 3-4).  However, Plaintiff's proposed second amended complaint sufficiently pled each of these elements:

> *(1) pending or probable litigation involving the plaintiff* (see, ¶35 of the proposed amended complaint (DN 25, Exhibit 2));
>
> *(2) knowledge on the part of the defendant that litigation exists or is probable* (see, ¶¶35, 42);
>
> *(3) willful destruction of the evidence by defendant designed to disrupt the plaintiff's case* (see, ¶¶44, 45);
>
> *(4) disruption of the plaintiff's case* (see, ¶45); and,
>
> *(5) damages proximately caused by the defendant's actions* (see, ¶46).

Also, it should be noted that the law makes no distinction between destruction of documents and failing to preserve documents. See, e.g., *Lombard v. MCI Telcoms. Corp.*, 13 F. Supp. 2d 621, 629 (N.D. Ohio 1998) (stating that where employer was on notice of EEOC charges, and did not preserve relevant documents, Plaintiff is entitled to rebuttable presumption that *missing or destroyed* documents would have benefitted Plaintiff).  The additional potential consequences are found in recent decisions on the failure to preserve electronically stored information.  See, e.g., *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004) (*Zubalake V*), and related *Zubulake* opinions on destruction of ESI.

## D.   Defendant's Claim of Prejudice Is Not Well-Taken

Defendant's argument that it may be prejudiced in front of a jury if Plaintiff is permitted to maintain a spoliation claim is not yet ripe.  If, after the close of discovery, Defendant believes that Plaintiff has not obtained or established the requisite proof to present a spoliation claim to a jury, it may move for summary judgment or file a motion *in limine*.  In the alternative, if sufficient evidence exists, then Plaintiff may be entitled to an adverse inference instruction or other orders to correct for this.

The only party who can be prejudiced at this stage is Plaintiff – if she is foreclosed from taking discovery on Defendant's document destruction and/or failed retention practices.

## CONCLUSION

For these reasons, and the reasons contained in Plaintiff's motion for leave, Plaintiff respectfully requests that she be permitted to amend her complaint to add a spoliation of evidence claim.

Respectfully submitted,

*s/ Stuart Torch*
Bruce B. Elfvin (Oh. Sup. Ct. #0015694)
bbe@elfvinbesser.com
Barbara Kaye Besser (Oh. Sup. Ct. #0017624)
bkb@elfvinbesser.com
Stuart Torch (Oh. Sup. Ct. #0079667)
stuart.torch@elfvinbsser.com


ELFVIN ✧ BESSER
4070 Mayfield Road
Cleveland, Ohio  44121-3031
216.382.2500 (voice)
216.381.0250 (facsimile)

Attorneys for Plaintiff Diana Chou

## CERTIFICATE OF SERVICE

The foregoing **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR**

**LEAVE TO FILE SECOND AMENDED COMPLAINT** was served via the Court's

Electronic Filing System on all parties.


October 27, 2009                                         s/ Stuart Torch
Date                                                          Attorney for Plaintiff


1179.2\Pleadings\REPLY re Motion for leave to Amend Complaint

6